UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:23-cv-19-SCB-MRM

GLORIA J. EDGECOMBE,

    *Plaintiff,*

v.

FANEUIL, INC.,

    *Defendant.*

_____

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, GLORIA J. EDGECOMBE, and Defendant, FANEUIL, INC. (collectively the "Parties"), through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice and Supporting Memorandum of Law.

### BACKGROUND

In the instant action, Plaintiff claims failure to pay minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") (Count I), Florida Minimum Wage Act (Count II), and Florida Common Law (Count III). *See* ECF 1-1. To avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter. A copy of the Settlement Agreement is attached as **Exhibit A**. The Parties now seek approval of the settlement from the Court.

1

# MEMORANDUM OF LAW

## I.   FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

### A.   The Settlement is Reasonable and Fair.

Judicial review and approval of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores*:

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . .
>
> . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

When both parties are represented by counsel in the adversarial context of a lawsuit, there is a higher likelihood that a negotiated settlement is a fair and reasonable compromise.

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)

The Court should approve a FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, *supra* at 1354-55. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (i) the existence of fraud or collusion behind the settlement;
> (ii) the complexity, expense, and likely duration of the litigation;
> (iii) the stage of the proceedings and the amount of discovery completed;
> (iv) the probability of plaintiff's success on the merits:
> (v) the range of possible recovery; and
> (vi) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-ORL-22JGG, 2007 WL 328792 at *2 (M.D. Fla. Jan. 8, 2007). *See also Hill v. Fla. Ins. Elec., Inc.*, No. 6:06-cv-915-ORL-31JGG, 2007 WL 781886 at *4 (M.D. Fla. Mar. 13, 2007); *Pacheco v. JHM Enterprises, Inc.*, No. 6:05-cv-1247-ORL-JGG, 2006 WL 948058 at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton*, *supra* at *2-3. *See also Cotton v. Hinton* 559 F.2d 1326, 1331 (5th Cir. 1977).

**B.**     **The Relevant Criteria Support Final Approval of the Settlement.**

i.   <u>There is no fraud or collusion behind the settlement.</u>

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491 at *11-12 (M.D. Fla. Dec. 26, 2006). Here,

each Party was independently represented by counsel. Defendant was represented by Rocio Blanco Garcia and Pooja Patel of Littler Mendelson, P.C. Plaintiff was represented by Amanda E. Heystek and Daniel E. Kalter of Wenzel Fenton Cabassa, P.A. All counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiff and her counsel are fair considering the dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate her claims.

    ii.    <u>The complexity, expense, and length of future litigation support the reasonableness of this settlement.</u>

The Parties continue to disagree over the merits of the claims asserted by Plaintiff. Plaintiff contends she was not paid for certain hours she worked. Defendant contends it paid Plaintiff for all the hours she worked at the applicable rate.

If this case is litigated further, Plaintiff will bear the burden of proving she performed work for which she was not properly compensated. *See Cusumano v. Maquipan Int'l, Inc.*, 390 F. Supp. 2d 1216 (M.D. Fla. 2005) *citing Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1269 (M.D. Fla. 1999), and *Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680 (1946). Defendant, in turn, will have to prove it kept accurate records of Plaintiff's wages, hours, and other conditions and practices of employment, and that it paid her appropriate wages for all hours worked. *See Jackson v. Corr. Corp. of Am.*, 606 F. App'x 945, at 952 (11th Cir. 2015) (*citing Allen v. Bd, of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007)). Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

      iii.    <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>

The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. Due to the nature of the claims asserted, namely, violation of the Fair Labor Standards Act ("FLSA"), this Court issued Additional Procedures for FLSA Cases. Despite conferring in good faith and putting forth their best efforts, including reviewing and discussing relevant pay and time records, the parties were unable to resolve the instant case at the Court mandated settlement conference. As such, the parties filed a joint Case Management Report. Shortly after the filing of the Case Management Report, the Parties decided to reconvene in a final attempt to settle this case. The Parties exchanged discovery requests and voluntarily disclosed information that facilitated this settlement.

      iv.    <u>Plaintiff's probability of success on the merits is uncertain.</u>

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts she worked certain hours for several weeks, and that she was not compensated properly for those hours. Meanwhile, Defendant contends it paid Plaintiff for all the hours she worked. Defendant also produced proof of all payments made to Plaintiff.

      v.    <u>Plaintiff's range of possible recovery is uncertain.</u>

Even if Plaintiff prevails, her range of recovery is uncertain. The Parties disagree over basic factual allegations pertaining to her entitlement to compensation. The Parties settled this matter for $2,100. From that settlement amount $454 is allocated to liquidated damages. In light of the uncertainty of the amounts, if any, Plaintiff would recover if she were to continue litigating her claims, the Court should find that the settlement is fair and reasonable.

4874-0679-9204.3 / 061652-1076

    vi. <u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>

  Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

  **C.** **The "Compromise" of Plaintiff's FLSA Claim is Reasonable.**

  There is a *bona fide* issue as to whether Plaintiff was compensated for certain hours she worked. In her Complaint, Plaintiff claimed to be entitled to wages from March 2, 2022, to May 23, 2022. *See* ECF 10. She asserts that she worked 32-36 hours per week. *Id.* She further alleges she was not compensated for 148 hours of work. *Id.* Plaintiff ultimately calculated her damages to be $1,531.80 (i.e., 148 hours × $10.35). *Id.* Defendant did not find any evidence that Plaintiff was not compensated for the any of the hours she worked during her employment. Defendant reviewed and produced pay records, time sheets, and bank records, which demonstrate that Plaintiff was paid for all the hours she worked at the applicable rate.

  Nonetheless, under the terms of the settlement, Plaintiff will be receiving $454 in unpaid wages and $454 in liquidated damages. *See* Exhibit A. Therefore, the settlement is a fair resolution of a *bona fide* dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

  Additionally, Plaintiff did not unfairly "compromise" her claim. The settlement amount represents a reasonable compromise by the Parties in the interest of mutual avoidance of the inherent risk involved in pursuing litigation as discussed herein.

     **D.**    **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491 at *6-7 (M.D. Fla. Dec. 26, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The attorney's fees and costs the Parties agreed upon for Plaintiff's counsel were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Given the compliance and engagement between the parties and the continued litigation, the attorney's fees and costs negotiated separately in this matter are fair and reasonable. Plaintiff's counsel is receiving $1,092.00 which accurately reflects counsel's hourly rate and time spent litigating this matter.

### **CONCLUSION**

As demonstrated above, the settlement terms are fair, reasonable, and adequate. The Parties' Settlement Agreement does not include a modification, confidentiality, or non-disparagement provision. Thus, the Parties hereby jointly stipulate that the case should be

dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction for a period of thirty days (30 days) in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) GRANT such further relief as the Court deems appropriate.

Dated this 28th day of June 2023

| | |
|---|---|
| /s/ Rocio Blanco Garcia<br>Rocio Blanco Garcia<br>Florida Bar No. 099304<br>rblancogarcia@littler.com<br>Pooja Patel<br>Florida Bar No. 1025059<br>ppatel@littler.com<br>LITTLER MENDELSON, P.C.<br>Wells Fargo Center<br>333 SE 2nd Avenue<br>Suite 2700<br>Miami, FL  33131<br>305.400.7500<br>305.675.8497 (Fax)<br>ATTORNEYS FOR DEFENDANT,<br>FANEUIL, INC. | /s/ Amanda E. Heystek<br>Amanda E. Heystek, Esq.<br>Florida Bar No. 0285020<br>Email: aheystek@wfclaw.com<br>Secondary: rcooke@wfclaw.com<br>Daniel E. Kalter, Esq.<br>Email: dkalter@wfclaw.com<br>Florida Bar No. 1025094<br>WENZEL FENTON CABASSA, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Telephone: (813) 224-0431<br>Facsimile: (813) 229-8712<br>ATTORNEYS FOR PLAINTIFF,<br>GLORIA J. EDGECOMBE |