UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIA J. EDGECOMBE,

    Plaintiff,

v.                                                        Case No.   8:23-cv-19-SCB-MRM

FANEUIL, INC.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** comes before the Court on the parties' Joint Motion for Approval of Settlement and Motion to Dismiss the Case With Prejudice and Supporting Memorandum of Law. (Doc. 22). Having reviewed the settlement agreement and upon due consideration of the Motion and the record in this case, the Court finds for the following reasons that the settlement agreement in this case is a fair and reasonable resolution of bona fide dispute over Fair Labor Standards Act provisions and that this case is due to be dismissed with prejudice.

Plaintiff, Gloria J. Edgecombe, worked as a toll collector for Defendant Faneuil, Inc., a toll booth operator in Pinellas County, Florida, between March 2022 and May 2022. (See Doc. 3-1 at ¶¶ 4, 15). In the instant action, Plaintiff

claims that Defendant failed to pay her minimum wages over the course of seven weeks in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I), Florida Minimum Wage Act (Count II), and Florida Common Law (Count III). (*See* Doc. 3-1). On May 15, 2023, the parties reached a full settlement of Plaintiff's FLSA claims. (Doc. 21). The parties now seek approval of the settlement.

Because Plaintiff alleges violations of provisions of the FLSA, any settlement of the claims reached between the parties is subject to judicial scrutiny. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (providing that before a court can approve a settlement of FLSA claims and dismiss a case, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions"). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354.

The parties have reached a settlement wherein it is agreed that Plaintiff will receive a total of $2,100, from which $454 is allocated to unpaid wages, another $454 to liquidated damages, and $100 to a general release of liability. (*See* Doc. 22, pp. 5-6; Doc. 22, Ex. A, p. 2). The parties have also agreed that Defendants will pay Plaintiff's counsel $1,092 in fees and costs. (Doc. 22, p. 7; Doc. 22, Ex. A,

p. 2).

The parties represent that the attorneys' fees to be paid to Plaintiff's counsel were negotiated separately and did not compromise the amount to be paid to Plaintiff. (*See* Doc. 22, p. 7). Additionally, the parties explain that issues in this case are still in dispute and the settlement reached reflects a reasonable compromise of the disputed issues. (*See id*. at 3-6).

Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to fairly settle this case. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that:

(1) The parties' Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice (Doc. 22) is **GRANTED**. The Court does not retain jurisdiction to enforce the settlement agreement or enter judgment.

(2) The case is **DISMISSED WITH PREJUDICE**, and the Clerk is

directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of June, 2023.

_____
SUSAN C. BUCKLEW
United States District Judge